451 A.2d 779

**COMMONWEALTH of Pennsylvania**

**v.**

**James V. MASTROTA, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 6, 1981.

Filed Oct. 15, 1982.

---

540

Patrick J. Flannery, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and POPOVICH, JJ.

PER CURIAM:

We here consider an appeal from an order which denied a rule to show cause why a hearing should not be granted on the amended Post Conviction Hearing Act petition of appellant. We are compelled to quash the appeal since the order appealed from is interlocutory and did not finally dispose of the petition for Post Conviction Hearing Act relief.

Appellant initially filed an uncounselled petition under the Post Conviction Hearing Act alleging certain reasons why his conviction for murder should be overturned. The Common Pleas Court appointed the office of the Public Defender of Luzerne County to represent appellant and directed that counsel assist appellant in the preparation of an amended

petition. The public defender subsequently filed an amended petition on behalf of appellant upon which, on October 30, 1980, the court entered a rule to show cause why a hearing should not be granted and set December 23, 1980 as the date for a hearing on the petition.

While the Commonwealth appeared pursuant to the rule and was prepared to proceed with the hearing on the petition, appellant and his counsel failed to appear. As a result, the court entered the following Order:

"NOW, this 23rd day of December, 1980, at 9:45 a.m., the rule to show cause why a hearing should not be granted is denied.

/s/ Brominski, P.J."

The court did not thereafter, however, enter an order finally disposing of the petition for post-conviction relief.

We note that counsel for appellant failed to appear in the Common Pleas Court and in this Court filed a brief in which he:

Presents the issue in the Statement of Questions Involved as:

Whether the appellant James V. Mastrota was denied effective assistance of counsel in pursuing his post conviction petition?

Completes the twenty-three lines of the argument of appellant with the request that "the Superior Court grant a rehearing before the Lower Court." (Brief of appellant at p. 5).

We need not, it would seem, comment further.[1]

In any event, since the order appealed from is not a final order we must quash the appeal. See Pa.Crim.P. 1509.

Appeal quashed.

[1]. We quash this appeal without prejudice to the right of appellant to petition the Common Pleas Court for the appointment of new counsel to assist him to secure both a hearing upon and final disposition of his Post Conviction Hearing Act petition.